IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH R. BYNUM,

    Petitioner,                    No. CIV S-06-1281 LKK EFB P

    vs.

BILL LOCKYER,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 20, 2006, respondent filed a motion to dismiss this action on the grounds that petitioner has failed to exhaust available state court remedies as to three of his four claims. On September 28, 2006, the court directed petitioner to show cause why respondent's motion should not be granted for failure to timely file an opposition. The order included a notice of Local Rule 78-230(m) and cautioned petitioner that an opposition was due not more than 20 days after the date of the notice and that a failure to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions. *See* Fed. R. Civ. P. 41(b). Petitioner filed a response to the order to show cause on October 20, 2006, which the court deems a response in opposition to the motion.

/////

Petitioner asserts the following four claims in his federal application: (1) he was "tasered" before his arrest by police officers; (2) he was improperly re-tried in violation of the Double Jeopardy Clause; (3) he was tried by an all-White jury, which was biased against him; and (4) he was denied effective assistance of counsel.

Respondents argue that petitioner has exhausted his state remedies with respect to only his fourth claim, and that grounds one through three have not been exhausted. The court has reviewed the documents lodged in this case and, in agreement with respondent, finds that petitioner has only fairly presented the fourth issue in the instant petition to the state courts. *See* Resps.' Mot. to Dism., Exs. D & E. Therefore, the court finds that petitioner has failed to exhaust the first three claims for relief presented in his federal petition.

This court is required to allow petitioner the opportunity to amend his petition to delete the unexhausted claims before dismissing the action without prejudice due to petitioner's failure to exhaust his available state remedies. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); *James v. Pliler*, 269 F.3d 1124, 1127 (9th Cir. 2000); *Tillema v. Long*, 253 F.3d 494, 503-04 (9th Cir. 2001); *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000); *Greenawalt v. Stewart*, 105 F.3d 1268, 1274 (9th Cir. 1997).

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondents' July 20, 2006, motion to dismiss be granted;

2. The petition be dismissed for failure to exhaust all claims presented; and

3. Petitioner be granted thirty days within which to file an amended petition containing only his fourth, exhausted claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the

1  specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158

2  F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3  Dated: August 23, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE